UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ERIC ANDREW PEREZ,

                Plaintiff,

        v.

NEW YORK HOSPITAL CORNELL, DR. EMIE, DARE, ITS OFFICERS and BOARD MEMBERS, CHUCK ROSENBERG, Director DEA, MICHAEL HOROWITZ, Director DOJ IG, GOOGLE, ATTORNEY GENERAL LORETTA LYNCH, DIRECTOR CIVIL RIGHTS GUPTA, DAMON DAVENPORT, ANTHONY SPANO, JULIE CROWNER, CATHERINE HOKE, CHRIS HOFFMAN, SEAN HOFFMAN, MICHAEL HOFFMAN, UNKNOWN NARCOTICS AGENTS, NYPD COMM. BRATTON, HADADS, CRISTINA DELEON ACOSTA, CRISTINA CINTRONE, YAHOO, LAWRENCE REDMOND, Clerk of the U.S. Supreme Court; LOPERA of the ACLU, UNKNOWN OFFICERS DOJ, DEPUTY ODELLE, DEPUTY GAINS, SHERIFF BURNS, UNKNOWN DOD NAVY CONTRACTORS, BEST BUY, APPLE, SPRINT, BOOST MOBILE, ALLEN HUNT, CARLOS SANTANA, CRUNCH, UNKNOWN INFORMANTS FOR M15, STREAM, UNKNOWN DOCTORS, UNKNOWN AGENTS, STATEN ISLAND FERRY AUTHORITY, JEFF TOMZACK, iHEART RADIO, 102.5 TAMPA, 98.7 TAMPA, 94.1 TAMPA, CLEAR CHANNEL, UNKNOWN RELIGIOUS ORGANIZATIONS, OWNER, 357 Targee St., OWNER, 44 Waverly Plc., OWNER, 52 Waverly Plc., OWNER, Surveillance Houses Wiederer Plc., OWNER, 67 Prince St., OWNER, 75 Osgood Ave., OWNER, 70 Osgood Ave., OWNER, 60 Osgood Ave., OWNER, 144 Signal Hill Rd., SAINT JOSEPH'S HOSPITAL, POST MASTER GENERAL BRENNAN, FEDERAL EXPRESS, SOS LOCKSMITH, ALL AMERICAN STORAGE, MEERA JOSHI, LIFELOCK, EDITH RAMIREZ FTC, and STATEN ISLAND MUNICIPALITY,

                Defendants.

---------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
16-CV-5794 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Eric Andrew Perez, proceeding *pro se*, commenced the above captioned action on October 11, 2016, against numerous public and private individuals and entities, alleging that they have subjected him and his family to unlawful surveillance and have interfered with Plaintiff's life. (Compl., Docket Entry No. 1.) Plaintiff alleges that Defendants' actions violated several state, federal and international laws. (*Id.* at 1–4.)[1] Plaintiff seeks damages as well as declaratory and injunctive relief. (*Id.* at 40–42.) The Court grants Plaintiff's request to proceed *in forma pauperis* for the purpose of this Memorandum and Order. For the reasons discussed below, the Court dismisses the Complaint in its entirety and denies Plaintiff's motion for appointment of *pro bono* counsel.

**I. Background**

Plaintiff is currently forty years old. (*Id.* at 4.) He graduated high school in 1994, entered the United States Marine Corps in 1995 and was discharged from the United States Marine Corps in 1996. (*Id.* at 5.) Since 2009, Plaintiff has been in and out of prison, and he is currently on parole. (*Id.*) The Complaint is forty-six pages and contains allegations spanning the course of Plaintiff's lifetime. (*See id.*) The named Defendants include the hospital where Plaintiff was born; high-ranking international, federal, state and local government officials; national and local retail companies and several identified and unidentified individuals. (*Id.* at 5–6.) The Court provides only a summary of the allegations.

Plaintiff separated the allegations in the Complaint into the following categories: "First Amendment Violations," "Illegal Use & Tampering Of Criminal Databases," "Deliberate illegal

---

[1] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the electronic document filing system (ECF).

release of DNA information," "Human Experimentation," "Deliberate Misuse and Release of Plaintiff's Classified Information," "Invasion of Privacy Laptop," "Unwarranted Invasion of Privacy," "Physical Surveillance," "International Incident," "Defy Ventures," "Obstruction of Justice," "Concept Behind This Program, Scheme & Plaintiff's Abuse," "Systematic Monitoring & Targeting By Crunch," "Redirection of Internet By Stream," "Child Abuse, Exploitation & Endangerment Of My Chi[l]dren," "Breaking & Entering Storage Unit," "Police Harassment & Illegal Use In Sting Operations," "Illegal Use Of Identification TLC," "Lifelock" and "Illegal Customs & Policies." (*Id.* at 7–40.) Some of Plaintiffs allegations include that his "internet traffic was and is being redirected," (*id.* at 24); he has been "stuck in an alternate reality" at various times, (*id.* at 12); his "ex-wife is part of several spy religious groups who have programmed its members against [P]laintiff," (*id.* at 8); immediately after he was born "a device was implanted in his pelvis under the guise of a hernia operation," (*id.* at 10); and that the population is being manipulated through "a special language used . . . in the bible [] and [] in billboards, advertisements, commercials, and other forms of communication," (*id.* at 32). A portion of a concluding paragraph attached to the Complaint "in reference to [D]efendants," alleges the following:

> The tactics and goals of this company and the participants are practiced by terrorists worldwide. These tactics make it impossible for the [P]laintiff to decipher on his own who the [D]efendants are. The people who deploy and train using these tactics of deception do not want to be caught or prosecuted, and have deliberately created this situation so that they may profit. The goal is to create a system where the rules of law [] and logic don't matter. How can the [P]laintiff know who is monitoring [him] and using his information illegally without the assistance of law enforcement.

(*Id.* at 44.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). A claim is "frivolous" when it lacks "an arguable basis in either law or fact." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 120 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)). A court should dismiss an action as frivolous when "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Bev. Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal

quotation marks omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

### b. Plaintiff's allegations are frivolous

Plaintiff's allegations are frivolous and therefore fail to state a claim that may be remedied in federal court. Plaintiff alleges a broad conspiracy involving surveillance of and interference with his life that includes, *inter alia*, alternate realties, non-consensual implantation of devices into his body and special languages as tools for population control. However, Plaintiff's allegations in support of the alleged conspiracy are frivolous, as they fail to show "a meeting of the minds among the conspirators" and fail "to set forth a consistent much less plausible, theory" of liability. *See Gallop v. Cheyney*, 642 F.3d 364, 368–69 (2d Cir. 2011). In addition, while Plaintiff has set forth twenty-two categories of claims, the allegations under each of those categories are "factually frivolous" because they are "fanciful, fantastic or delusional." *See id.*; *see also Livingston*, 141 F.3d at 437 (holding that a plaintiff's allegations are frivolous when they "are the product of delusion and fantasy"). For example, under the category entitled "Unwarranted Invasion of Privacy," Plaintiff alleges that:

> [t]here has been a back door and even a special chip implanted in my laptop in order to track what I do on my laptop and internet activity. This allows certain [D]efendants involved in this to make moves accordingly to counter whatever I do or think of also allowing further engineering of the local populace against [Plaintiff] to include harassment, radio announcements, the changing of the song lyrics on the radio and television programming accordingly.

(Compl. 17.) The Court therefore dismisses the Complaint as frivolous.

### c. Plaintiff is not entitled to *pro bono* counsel

In deciding whether to grant a request for counsel, the Court must "first determine whether the indigent's position [is] likely to be of substance." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (internal quotation marks omitted) (quoting *Hodge v. Police*

*Officers*, 802 F.2d 58, 61 (2d Cir. 1986)); *see also Simpson v. Oakes*, 640 F. App'x 86, 89 (2d Cir. 2016) (holding that "mere bald assertions regarding the substance of [] claims [are] insufficient to render [a] district court's refusal to appoint counsel an abuse of its broad discretion in this regard" (alteration omitted) (citing *Hodge*, 802 F.2d at 60)); *Phelan v. Sullivan*, 541 F. App'x 21, 25 (2d Cir. 2013) (affirming a district court's denial of motion for appointment of counsel because the plaintiff "had not demonstrated that his claims were likely to succeed on the merits" (citing *Cooper*, 877 F.2d at 172)); *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (noting that motions for appointment of counsel are considered "by asking first whether the claimant has met a threshold showing of some likelihood of merit." (citation and internal quotation marks omitted)). If the court determines that the claim meets this threshold requirement, then the court should consider the "secondary factors" appropriate to determining whether the court should appoint counsel. *Vega v. Rell*, 611 F. App'x 22, 24 (2d Cir. 2015) (citing *Hodge*, 802 F.3d at 61)); *Parks v. Smith*, 505 F. App'x 42, 43 (2d Cir. 2012) (citing *Hodge*, 802 F.2d at 60–61)). These secondary factors include: the "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172 (quoting *Hodge*, 802 F.3d at 61–62); *Parks*, 505 F. App'x at 43 (quoting *Cooper*, 877 F.2d at 172).

As explained above, Plaintiff's allegations are frivolous. Because Plaintiff cannot show "even the slightest chance of success on the merits," the Court denies his motion. *See Oliva v. Heller*, 839 F.2d 37, 40 (2d Cir. 1988) ("[W]e note that [appellant's] argument that the district court abused its discretion in refusing to appoint counsel for him is without merit [because] . . . his suit was palpably frivolous."); *see also Smith v. Fischer*, 803 F.3d 124, 128 (2d Cir. 2015)

(denying a *pro se* appellant's motion to appoint counsel because his appeal was frivolous). Thus, Plaintiff does not meet the "threshold requirement" that would require the Court to consider whether Plaintiff satisfies the other criteria. *See Phelan*, 541 F. App'x at 25 (holding that district court "properly denied [the plaintiff's] motion for appointment of counsel after concluding that [the plaintiff] had not demonstrated that his claims were likely to succeed on the merits").

### III. Conclusion

For the reasons set forth above, the Court dismisses the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and denies Plaintiff's request for the appointment of *pro bono* counsel.[2] The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED:

     s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: April 25, 2017
       Brooklyn, New York

---

[2] Although the Court would ordinarily grant a *pro se* plaintiff leave to amend a complaint, Plaintiff's frivolous factual allegations cannot be remedied through more specific pleading, *see Denton v. Hernandez*, 504 U.S. 25, 34 (1992), and the Court therefore does not grant leave to amend in this case.

7